Porter, J.
This appeal is taken from an order of the inferior court, discharging one of the defendants out of custody of the sheriff A forced surrender has been since decreed against the firm of Brandt & Co., and the principal object in deciding this cause is, to ascertain on whom the costs must fall.
The judge directed the discharge, on the ground that the order for a stay of proceedings, granted at the time the defendants applied for a respite, was yet in force, and that no suit could be commenced against them until it was set aside.

*642
East'n District.

The record in the suit of Brandt & Co. vs. their creditors, which comes up with and makes apart of the proceedings in this case, shews, that on the 28th day of December, 1819, a respite of one, two, and three years was granted to the appellees, and that on the 3d day of January, 1821, the present action was instituted.
The stay of proceedings granted on this application for a respite, was to enable the party applying, to ascertain whether his creditors would accord it, and to prevent any preference being obtained by judgment, or otherwise, during the deliberations. But as soon as the respite was granted, the order had its legal effect, and it cannot be used as a defence in this suit, or operate as a bar to an action, for a breach of the condition on which the creditors extended this indulgence.
I do not enter into the question, whether on the debtor’s failure to meet the first instalment the whole of the debt can be demanded of him, because that would be trying the merits on an interlocutory motion, which, in my opinion, cannot be done.
I am therefore of opinion, that the order *643 granted by the district court, should be set aside and reversed, and that this cause be remanded, with directions to the judge a quo to proceed in the same according to law, and that the defendants and appellee pay the costs of this appeal.
Grayson for the plaintiff, Livermore for the defendants.